No. 10,990
Orleans

---

CASSIDY v. KENNEDY CLEANING CO., INC.

---

(October 31, 1927. Opinion and Decree.)

---

(Syllabus by the Court)

1. Louisiana Digest — Damages — Par. 69, 107.
Where the evidence shows that a coat had shrunk and the color had been changed by the cleaning company, unauthorized by the owner of the coat, the obligation of the cleaning company is to replace the damaged garment.

Appeal from Division "C", First City Court. Hon. Wm. V. Seeber, Judge.

Action by J. M. Cassidy against Kennedy Cleaning Co., Inc.

There was judgment for plaintiff dismissing reconventional demand and defendant appealed.

Judgment affirmed.

S. G. Roos, of New Orleans, attorney for plaintiff, appellee.

Wm. McL. Fayssoux, of New Orleans, attorney for defendant, appellant.

JONES, J. This is a suit for one hundred and seventy-five ($175.00) dollars, itemized as follows:

Probable price of a new coat............$125.00
Damages for loss of old coat during
　six months ------------------------------ 50.00
　　　　　　　　　　　　　　　　　　　———————
　　　　　　　　　　　　　　　　　　　$175.00

Plaintiff alleges that his wife sent, about June 5th, 1926, a brown coat for which she had paid seventy-four and 95-100 ($74.95) dollars to the defendant to be cleaned; that a few days later defendant returned the coat dyed black, unfit for use; that a new coat to replace the brown article will cost one hundred and twenty-five ($125.00) dollars; that she had suffered fifty ($50.00) dollars damage from loss of her coat. This suit was filed January 14th, 1927.

Defendant answers admitting receipt of coat to be cleaned, but denying any indebtedness. Further, in answering, defendant averred that the coat had been sent for cleaning on May 26th, 1926; that said coat was cleaned and delivered about June 4th, 1926, to plaintiff, who returned coat to defendant for advice, as certain parts of the coat had faded under the trimmings and attachments; that defend-

ant advised dyeing coat black and accordingly it did so; that later the coat dyed black was refused again; thereupon defendant dyed coat brown, the original color, but plaintiff again refused to accept it. Defendant reconvenes for seven ($7.00) dollars, two and 50-100 ($2.50) dollars for cleaning coat and four and 50-100 ($4.50) dollars for dyeing it.

There was below judgment for plaintiff for fifty ($50.00) dollars and all costs and defendant's reconventional demand was dismissed.

Defendant has appealed.

Plaintiff's testimony substantially confirms the allegations of petition with the further explanation that she had bought between Christmas, 1926, and New Year, 1927, a new coat at a sale for practically the same price as the brown coat, but totally unlike the former. She stated that she had bought the brown coat in November or December, 1926, and had used it all that winter, but it was in excellent condition when delivered to defendant's boy June 5th by her at her residence; that she opened the box as soon as coat was returned and told defendant's boy that they had dyed the coat black and that she would not accept it, as the coat was no longer satisfactory; that she again refused the coat when it was subsequently returned dyed brown, and had never had the coat since.

When the coat was produced by defendant at the trial, she stated that the dyeing had caused the coat to shrink about three inches in length and that it was too small across the hips and that it was not the same color as it was when sent to defendant and that she had tried vainly nine times to see or discuss the matter with Mr. Kennedy.

Defendant's driver testified that he had received the coat from Mrs. Cassidy to be cleaned; that when he returned the cleaned coat, she refused to accept it on account of fading in places and that she, on his recommendation, had ordered the coat dyed black, but that it had been dyed brown by defendant of its own volition in an effort to restore the original color, when she refused to accept it dyed black.

Two other witnesses for defendant, Messrs. Edward Kennedy and W. A. Kennedy, one the foreman and inspector of garments, and the other the manager of the defendant company, knew nothing personally of the instructions given the driver, but they testified as to cleaning and dyeing the garment. The foreman testified that the condition of the coat generally speaking was better at time of trial than when first delivered and that it was the same color. The latter said the coat was a shade darker in color, but the dyeing job was good. The inspector on cross-examination said they received garments in their place numbering six or seven hundred one day and one thousand another day.

As the testimony with reference to fitting is not denied, we must take it as true, and as the preponderance of evidence is against defendant on the restoration of original color, we conclude that plaintiff's wife was justified in refusing the coat after it was dyed brown.

Furthermore, defendant weakens his position when he admits that the second dyeing was done on his own initiative, for if he had carried out plaintiff's instructions and had efficiently dyed the coat black, we can see no reason why he should have done anything further. We therefore conclude with the trial judge that plaintiff is entitled to judgment.

Defendant contends that the quantum of fifty ($50.00) dollars cannot be logically

explained, but in this we do not agree with him, for this court said in Bianchi vs. Mussachi, 1 La. App. 294:

"The law makes no provision for deduction of old for new. The defendant's obligation is to replace all the parts of the car he had damaged."

For above reasons the judgment is affirmed.